IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00069-PSF-MEH

RUBEN J. MUNIZ,

      Applicant,

v.

LARRY REID, Superintendent; and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE
## ENTERED JANUARY 27, 2006

---

      This matter comes before the Court on the Recommendation of the Magistrate

Judge entered on January 27, 2006 (Dkt. # 47), in which he recommended denial of

plaintiff's Amended Application for a Writ of Habeas Corpus filed on March 17, 2005

(Dkt. # 10).  Plaintiff timely filed an Objection to the Recommendation on March 3, 2006

(Dkt. # 53), pursuant to an extension of time which had been granted by the Magistrate

Judge.  The matter is now ripe for determination by this Court.

      Plaintiff's application for a writ under 28 U.S.C. § 2254 arises from his criminal

conviction in the Denver District Court in June 1988 on charges of aggravated robbery,

attempted aggravated robbery, conspiracy to commit aggravated robbery, and two

counts of committing crimes of violence.  Based on three prior felony convictions, he

was adjudicated a habitual criminal and sentenced to life imprisonment (Amended

Application at 2; Recommendation at 2).

As described by the Magistrate Judge, plaintiff's Amended Application essentially raises five different claims as asserted grounds for the issuance of the writ.[1] (Recommendation at 3).  The 37-page Recommendation of the Magistrate Judge methodically and thoroughly sets forth each of the five claims, the factual background relating to each claim, the legal principles raised by applicant in support of each claim, and concludes that none of the five claims provides a basis for the relief sought by applicant.

The Court reviews the applicant's request for a writ of habeas corpus, and the Recommendation of the Magistrate Judge, starting from the premise that the relief requested in this case is only available if the applicant shows that the state court decision he is challenging was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1) and (2). In explaining this statutory standard, the United States Supreme Court stated in *Brown v. Payton*, 544 U.S. 133, 125 S. Ct. 1432, 1438-39 (2005):

> A state-court decision is contrary to this Court's clearly
> established precedents if it applies a rule that contradicts
> the governing law set forth in our cases, or if it confronts a
> set of facts that is materially indistinguishable from a
> decision of this Court but reaches a different result.  A state-

---

[1]  Although the Amended Application is lengthy and rambling, and contains various inserted pages, it appears to contain just five separate claims as the Magistrate Judge states. In his Objection, plaintiff does not take issue with the five claims as identified by the Magistrate Judge and indeed addresses each claim as described in the Recommendation (Objection at 1).

2

court decision involves an unreasonable application of this
Court's clearly established precedents if the state court
applies this Court's precedents to the facts in an objectively
unreasonable manner.  [Citations omitted.]

Unless these conditions are met, entitlement to federal habeas relief is not

established.  *Id.*  In other words, this Court does not sit as a super state appellate court

providing yet another layer of review of state law in a case already reviewed by the

state's highest appellate court.  *See e.g. Brewer v. Aiken,* 935 F.2d 850, 855 (7th Cir.

1991)*; Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983), *cert. denied*, 469 U.S. 873

(1984).  The statute also provides a presumption of correctness to any factual finding

made by the state court, and places the burden on the applicant to rebut the

presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).


In his Objection to this Court, applicant specifically challenges the Magistrate

Judge's Recommendations as to all five of his claims, first addressing what the

Magistrate Judge labeled as the Fourth and Fifth Claims because applicant asserts

these are his strongest claims (Objection at 1).  Applicant subsequently challenges the

Recommendation as to his First, Second and Third Claims (Objection at 9-18).  The

Court will follow the order of applicant's Objection.

**APPLICANT'S FOURTH CLAIM – MULTIPLE EPISODES**

Construing applicant's *pro se* application liberally as the courts must do, the

Magistrate Judge characterized applicant's Fourth Claim as a due process challenge to

the trial court's denial of judgment of acquittal on the habitual criminal counts against

3

him (Recommendation at 3).  Applicant asserts that the State failed to prove against

him that he was convicted of three prior criminal episodes, as required by then

applicable habitual offender statute.  C.R.S. § 16-13-101(2), since repealed, revised

and updated in a way not beneficial to applicant, *see* C.R.S. § 18-1.3-801.  The

essence of his argument is that two of the prior convictions alleged in the indictment did

not arise from separate criminal episodes because they occurred on the same day as

part of the same crime spree (Recommendation at 28).

Applicant raised this same argument in his postconviction proceedings.  On

review by the Colorado Court of Appeals it stated that the evidence presented at trial

showed that applicant pled guilty on December 5, 1979 to one charge in Denver

County arising from a criminal attempt to commit an aggravated robbery, pled guilty on

December 7, 1979 in Adams County to first degree assault and aggravated robbery,

and pled guilty on September 21, 1979 in Denver to separate count of aggravated

robbery, thus satisfying the statutory requirement of three different criminal episodes.

The Colorado Court of Appeals also found that, although the offenses charged in

counts 4 and 5 were close in time, they occurred in different judicial districts, and thus

involved different guilty pleas entered on different dates before different judicial officers

(Attachment C to Answer to Show Cause Order at 9).  Based on these findings, the

Colorado Court of Appeals held that applicant had failed to satisfy his burden of proof

on a postconviction motion (*id.* at 10).

The Magistrate Judge found that applicant had failed on this record to establish

entitlement to habeas relief and this Court agrees.  He points out that the evidence

4

at applicant's hearing showed, and applicant argued in his state court appeal, that applicant and another individual first robbed a motel in Denver and then attempted a second robbery at another motel, this one in Adams County where they were apprehended (Recommendation at 28; Exhibit A to Answer to Order to Show Cause at 29).  In his Objection, applicant admits that the charges he now challenges "were separately brought and tried" (Objection at 4) but argues that they arose out of the same criminal episode.  Applicant cites no case to support his argument that two criminal acts committed at two locations, some distance apart, and with an intervening interval of time are to be treated as one criminal episode.  Rather he offers a hypothetical illustration of a criminal situation where he claims a finding of "separate criminal episodes" could not be made (Objection at 4-5).  Applicant may be correct in his illustration, but it does not advance his contentions here.  The illustration he offers does not parallel the events charged in the indictment against him, where the charges arise from criminal activities at two different locations, in two different counties, involving entirely different victims, different criminal charges and the passage of time, however short, between the two crimes that would have allowed for reflection.  The applicant has not proved beyond a reasonable doubt that he was not previously convicted on charges "arising out of separate and distinct criminal episodes."  *See* Colo. Sess. Laws 1981, ch. 200, § 16-13-101(2).  Accordingly, this Court sees no reason to grant habeas relief on the Fourth Claim.

**APPLICANT'S FIFTH CLAIM – ALLEGED DENIAL OF RIGHT TO COUNSEL**

The Magistrate Judge characterized applicant's Fifth Claim as asserting a denial of the Sixth Amendment right to counsel, and a denial of his due process rights, when the state court denied his second state postconviction challenge without a hearing, because it was previously litigated and therefore barred (Recommendation at 30).  The Magistrate Judge recommended denial of this claim for two reasons.  First, because his review of the record indicates that applicant did not exhaust this claim on direct appeal in the state appellate courts, as the Magistrate Judge found that the issues raised in applicant's appellate brief are not the same as those raised in this habeas claim (Recommendation at 30-31).  Second, because applicant's claims, raising as they do right to counsel for post-conviction proceedings when there is no constitutional right to same, or procedural challenges to state post conviction procedures, do not raise constitutional issues entitling applicant to habeas relief (Recommendation at 31-33).

Applicant's Objection does not appear to contest the finding of the Magistrate Judge that applicant failed to raise in his state court appeal the issue he now wishes to raise here.  On that ground alone, this Court accepts the Recommendation of the Magistrate Judge as to applicant's Fifth Claim.

Applicant appears to asserts that contrary to the finding of the Magistrate Judge and the cases cited in the Recommendation, criminal defendants are constitutionally entitled to counsel for post-conviction proceedings (Objection at 6-9).  Applicant, however, does not cite any case that expressly holds as such, but rather attempts to create such a right by extrapolation when the post-conviction issue is the denial of

6

effective assistance of counsel.  He first asserts that a claim of ineffective assistance of counsel can only be raised by post-conviction motion as such issue is not allowed on direct appeal.  He asserts that because this is a defendant's first opportunity to assert the constitutional claim of denial of effectiveness assistance of counsel, it is the equivalent of a direct appeal, for which a defendant is always entitled to counsel (Objection at 6-8).

Applicant's argument, however, flies in the face of established case law.  In *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987), the Supreme Court expressly stated: "We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions [citation omitted] and we decline to so hold today.  Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.  Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals."  In *Coleman v. Thompson*, 501 U.S. 722, 725 (1991), the Supreme Court took its holding in *Finley* one step further, stating:  "Because there is no constitutional right to an attorney in state postconviction proceedings [citing to *Finley*]*,* a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings . . . ."  The *Coleman* case also rejected the argument, advanced by applicant here, that claims of ineffective assistance of counsel should be treated differently because they can only be raised in collateral proceedings, stating that

> an indigent criminal defendant is constitutionally entitled to
> an effective attorney in his "one and only appeal . . . as of
> right," [citation omitted].  Coleman has had his "one and only

7

> appeal" as to the claims in question, since the County
> Circuit Court fully addressed and denied those claims.  He
> does not have a constitutional right to counsel on appeal
> from that determination.

*Id.* (ellipsis in original).

Applicant appears to suggest in his Objection that the Supreme Court's decision

in *Halbert v. Michigan*, __ U.S. __, 125 S.Ct. 2582 (2005) altered this rule with respect

to post-conviction claims of ineffective assistance of counsel (Objection at 7).  This

Court does not agree.  *Halbert* expressly states that the right to counsel provided for

in that decision is a right to counsel only on a "first-tier," that is an initial direct, appeal.

"[A] state is required to appoint counsel for an indigent defendant's first-tier appeal as

of right . . . ," but that requirement "did not extend to the appointment of counsel for an

indigent seeking to pursue a second-tier discretionary appeal to the [state] Supreme

Court or thereafter, certiorari review in this Court."  125 S.Ct at 2587.  The petitioner in

*Halbert* was seeking appointment of counsel to assist in moving to withdraw a plea of

*nolo contendere*, which the Court found comparable to a first-tier appeal.  The Supreme

Court directed the appointment of counsel because such review was the "first, and

likely the only, direct review the defendant's conviction and sentence will receive."  125

S.Ct. 2591.

In the instant case in contrast, applicant has had direct review of his conviction

and sentence, and the right to counsel he seeks to assert is clearly on a second-tier

review level.  He urges that under Colorado law, a claim of ineffective assistance of

counsel can only be brought by collateral review (Objection at 9).  As the Magistrate

Judge states in his Recommendation at 32, this is not the case, for in *People v. Apodaca*, 998 P.2d 25, 29 (Colo. App. 1999), the court stated that ineffective assistance of counsel claims could be addressed on direct appeal, notwithstanding the availability of such a postconviction remedy under Colorado Rule of Criminal Procedure 35(c).

Applicant argues in his Objection that in *Ardolino v. People*, 69 P.3d 73 (Colo. 2003), the Colorado Supreme Court held that a claim of ineffective assistance of counsel raised under Rule 35(c) requires an evidentiary hearing. From this holding, applicant extrapolates that counsel must be provided at that hearing (Objection at 9). *Ardolino* states no such holdings. First, with respect to hearings on Rule 35(c) motions raising claims of ineffective assistance of counsel, the *Ardolino* decision states: "Because relief for ineffective assistance of counsel requires a criminal defendant to prove both deficient representation and prejudice, denial of the motion without a hearing is justified if, but only if, the existing record establishes that the defendant's allegations, even if proven true, would fail to establish one or the other prong of the *Strickland* [*v. Washington*, 466 U.S. 668 (1974) ineffective assistance] test." 69 P.2d at 77. Thus, while a hearing may be appropriate is some circumstances, it certainly is not always necessary. Second, while the decision in *Ardolino* remanded that case for a hearing on the Rule 35(c) motion, it makes no statement requiring counsel to be provided at that hearing. *Id.* at 79.

In summary, this Court accepts the Recommendation of the Magistrate Judge as to applicant's Fifth Claim, for the well-established cases of the Supreme Court do

9

not establish a federal constitutional right to counsel in Rule 35(c) proceedings, even where the issue is ineffective assistance of counsel.  Furthermore, as the decision in *Ardolino* makes clear, a Colorado court may deny a Rule 35(c) motion raising ineffective assistance of counsel without a hearing.  Applicant has made no showing that such a procedural approach involves an "unreasonable application of clearly established Federal law."  Applicant is not entitled to habeas relief on his Fifth Claim.

**APPLICANT'S FIRST CLAIM – ALLEGED PROSECUTORIAL MISCONDUCT**

Applicant's First Claim assets prosecutorial misconduct at his trial because the prosecutor allegedly presented false and misleading testimony from applicant's co-defendant, Lawrence Garcia, regarding the nature of the plea agreement reached with Garcia, and withheld from the jury the true nature of the plea bargain benefits received by Garcia, who was facing charges in both Denver and Arapahoe County, in exchange for his testimony (Recommendation at 7-8, 10-12).  The Magistrate Judge recognized in the abstract that the intentional presentation of false testimony by the prosecutor may violate a criminal defendant's right to due process (*id.* at 8-9), but found that the record here did not support such a claim (*id.* at 10-14).

Applicant raised this claim in a state Rule 35(c) postconviction motion and a hearing on the motion was held in 1995.  The motion was denied and that denial was appealed to the Colorado Court of Appeals.  According to the Court of Appeals, Garcia testified at the Rule 35(c) hearing that he had lied at applicant's trial because he knew he would not be going to prison, and he had misled the jury by failing to disclose that as part of his plea bargain he was to receive favorable treatment on separate charges

10

pending against him in Arapahoe County.  He admitted, however, that he did not know at the time he testified at applicant's trial whether the Denver charges against him ultimately would be dropped. (Exhibit C to Answer to Show Cause Order at 2-3).  The Court of Appeals also found that testimony from both the Denver and Arapahoe County District Attorneys' Offices was presented at the Rule 35(c) hearing and those witnesses denied that any such agreement had been made with Garcia, and that no decision had been made at the time of the Denver trial to dismiss the Denver charge against Garcia. *Id.* at 3.  Based on the conflicting evidence the trial court found that there was no credible evidence of any prosecutorial misconduct, and denied applicant's Rule 35(c) motion.  *Id.*

As the Magistrate Judge correctly observed, on habeas review a court cannot impose its own independent judgment on an issue of credibility and overrule a decision of a court that had the opportunity to view the testimony first-hand.  As the Magistrate Judge carefully and correctly summarized the situation here, the state court's decision was based on credibility findings and applicant has made no showing that the state courts made an unreasonable determination of the facts in light of the evidence presented (Recommendation at 10-13).

In his Objection, the applicant argues that he presented "credible evidence to the state courts" showing that Garcia received "extraordinary treatment," contrary to his testimony at trial (Objection at 11).  This Court agrees that applicant presented evidence to the state courts, but the resulting credibility determination rejected applicant's tendered evidence.  Under 28 U.S.C. § 2254(e)(1), determinations of factual

11

issues by state courts are presumed to be correct unless rebutted by clear and convincing evidence.  Applicant has not made such a showing here.

In addition, for the reasons set forth above, this Court agrees with the Magistrate Judge that review of portions of the state record as designated but not attached by applicant, although permitted by Rule 5(c) of the Rules Governing Section 2254 Cases, is not warranted here as this Court does not sit in *de novo* review of factual findings made by the state courts in habeas cases (Recommendation at 13-14).

Finally, the Court understands that applicant argues that prosecutorial misconduct occurred in the closing argument when the prosecutor allegedly vouched for Garcia (*see* Recommendation at 17, citing applicant's Traverse (Dkt. # 28 at 11)). For the reasons set forth in the Recommendation of the Magistrate Judge, which are detailed and neither clearly erroneous nor contrary to law, this claim fares no better than applicant's other claims regarding Garcia's testimony.  *See id.* at 17-19.  Applicant is not entitled to habeas relief on his First Claim.

**APPLICANT'S SECOND CLAIM – ALLEGED INSTRUCTIONAL ERROR**

In his second claim applicant argues that his due process rights were violated when the state courts failed to grant him a new trial based on the failure of the trial court to give the jury a limiting instruction that Garcia's guilty plea could not be considered as substantive evidence against applicant (Recommendation at 19).  The Magistrate Judge found that such claim failed to justify habeas relief for at least three reasons.  First, applicant never raised this issue as a constitutional issue in the state courts, and therefore has not exhausted his state remedies (Recommendation at 19-

12

20).  Second, the Colorado Court of Appeals did review and reject this argument under a "plain error" analysis, apparently because no limiting instruction had been requested by applicant at trial and the absence of a limiting instruction did not undermine the fundamental fairness of the trial in light of the other evidence against applicant (Recommendation at 20-21).

Third, applicant has cited no authority that the Constitution mandates a limiting instruction regarding an accomplice's guilty plea (Recommendation at 21).  In the absence of a constitutional requirement, habeas relief for failure to so instruct would be warranted only if the omission of the instruction rendered the underlying trial fundamentally unfair.  The Colorado Court of Appeals found that the fundamental unfairness of applicant's trial was not undermined by the absence of a limiting instruction as part of its "plain error" review.  Deference to the Colorado Court of Appeals analysis is warranted, unless that court unreasonably erred in its application of the plain error test.  *Id.*  The Magistrate Judge carefully considered whether the Colorado Court of Appeals unreasonably applied the plain error test, and found that it did not.  *Id.* at 21-22.

In his Objection the applicant appears to argue that the failure to give the limiting instruction was raised as a due process issue on appeal, and states the Magistrate Judge should have called for all the briefs submitted by applicant in order to determine whether the issue was so raised (Objection at 14).  The appellate briefs filed by applicant are attached to the Answer to the Show Cause Order filed by respondent on April 27, 2005 (Dkt. # 19; Attachments A, E and F).  If this argument is raised in those

13

briefs, it is incumbent on the applicant to so demonstrate, and not the task of the

Magistrate Judge to hunt for arguments applicant seeks to advance.

Applicant also indicates that he is arguing that the trial court *sua sponte* should

have given a limiting instruction regarding the co-defendant's guilty plea (Objection at

14).  Thus, he appears to confirm that no limiting instruction was requested.  As such,

the plain error analysis applies, and applicant must show that the conclusion of the

Colorado Court of Appeals on this issue was "an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding."  *See* 28 U.S.C.

§ 2254(d)(2).  Yet applicant himself acknowledges that the failure to give the limiting

instruction did not alter the elements of the offense, and he agrees with the observation

of the Magistrate Judge and the Colorado Court of Appeals "that the prosecution's

entire case did not rely on co-defendant's testimony."  (Objection at 15).  Rather, in

his Objection he simply states, without enumerating or discussing the other evidence,

that it was "merely circumstantial" and would not have supported a conviction on the

robbery charge although it would have supported the charge of possession of stolen

property.  *Id.*

In his Amended Application, applicant does argue that state court's

determination was unreasonable in light of the other evidence, arguing that there

were not several victims who identified him, and that the several items of incriminating

evidence cited by the Court of Appeals were not sufficiently linked to him.  The

Magistrate Judge carefully analyzed each of these arguments, discussed the

countervailing evidence, and concluded that resolution of the contradictory evidence

was a part of the factfinding process of the state courts which a federal court may not second-guess on review (Recommendation at 22-24).  This Court finds no error in the analysis of the Magistrate Judge.  As noted above, applicant's Objection does not address this other evidence further, nor explain why the state court's factfinding was unreasonable.  His assertion that the evidence was "merely circumstantial" does not suffice to demonstrate that the Colorado Court of Appeals made an unreasonable determination when it found that the absence of the limiting instruction did not undermine the fairness of the trial.  Applicant's Second Claim does not provide a basis for habeas relief.

**APPLICANT'S THIRD CLAIM – INEFFECTIVE ASSISTANCE OF COUNSEL**

Applicant alleges that his conviction is defective because he received ineffective assistance of counsel in three respects.  He asserts trial counsel: 1) failed to request a limiting instruction on the accomplice's guilty plea; 2) failed to hire an expert witness regarding identification testimony; and 3) failed to provide applicant with discovery materials (Recommendation at 24; Amended Application at 23-25).  Applicant raised these same contentions in the state appellate process.  He does not suggest that the state courts applied an erroneous standard in considering his claims.

The Magistrate Judge also analyzed each of the claims raised by applicant.  He concluded that none of the three alleged aspects of the alleged ineffective assistance met the test of *Strickland v. Washington, supra,* requiring a showing that counsel's performance was deficient and that such deficiency was prejudicial (Recommendation at 24-27).  As the Magistrate Judge carefully explained how each alleged deficiency

15

was unlikely to have affected the outcome of applicant's trial, he concluded that there was no constitutional violation of the right to effective assistance of counsel. *Id.*

In his Objection, applicant still fails to make a showing of how the alleged ineffectiveness of counsel would have resulted in a different result at trial. He asserts that the trial counsel's failure to request a limiting instruction prevented him from asserting his full panoply of rights on appeal (Objection at 16), but that does not relate to the trial outcome. In any event, as noted above, there was no constitutional right to such a limiting instruction, and the Colorado Court of Appeals nonetheless analyzed the issue for plain error. Applicant has not shown that the failure to request such an instruction was such deficient representation as to have affected the outcome of either his trial or his appeals.

He further argues that failure to retain an expert witness on identification hurt him because the co-defendant later testified at the Rule 35(c) evidentiary hearing that he had lied at the trial (Objection at 17). Apparently, applicant is suggesting that had the co-defendant's alleged lying been demonstrated at the trial (which it was not), the identification of applicant as the perpetrator would have been more important than it otherwise was, and then the presence of an expert to testify regarding identification may have affected the jury's acceptance of the identification. This convoluted argument does not meet the requirement of *Strickland* that there be a showing that there is "a reasonable probability" that but for counsel's errors, the results of the proceedings would have been different. 466 U.S. at 694. Accordingly, applicant is entitled to no habeas relief under his Third Claim.

16

**CONCLUSION**

For the reasons set forth above, Applicant's Objection to the Recommendation of the Magistrate Judge (Dkt. # 53) is OVERRULED.

Applicant's application for writ of habeas corpus is DENIED and this case is DISMISSED with prejudice.

DATED: March 21, 2006

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge